**AIR EVAC EMS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 71236.

Supreme Court of Missouri, En Banc.

Nov. 14, 1989.

**574**

Paul H. Gardner, Harvey M. Tettlebaum, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, David G. Edwards, Asst. Attys. Gen., Raymond Wagner, Gen. Counsel, Missouri Dept. of Revenue, Jefferson City, for respondent.

CHARLES SHANGLER, Special Judge.

The appellant, Air Evac EMS, Inc., is a Missouri corporation that regularly renders emergency medical service in Missouri, Arkansas, Illinois, Kentucky and Tennessee from its base of operations in West Plains, Missouri. In 1985 and 1986 Air Evac purchased three helicopters to equip its air ambulance service and stored, maintained and hangared them in West Plains. In 1987 the Director of Revenue issued to Air Evac assessments of unpaid use tax on these items of personal property based upon an audit conducted by the Division of Compliance.[1] Air Evac sought the determination of the Administrative Hearing Commission (AHC) that the use tax assessments were erroneous. The AHC found that under the guides of *Director of Revenue v. Superior Aircraft Leasing, Co., Inc.,* 734 S.W.2d 504 (Mo. banc 1987), the storage and maintenance of the helicopters in Missouri sufficed as a basis for the use tax liability under § 144.610, RSMo 1986, and denied the Air Evac complaint.

Air Evac appealed the decision to this Court. We have exclusive jurisdiction under Mo. Const. art. V, § 3.

On this appeal Air Evac does not contend that the use tax liability was not properly assessed under the standards of *Superior Aircraft.* The taxpayer argues, rather, that the assessments by the Director of Revenue were issued before *Superior Aircraft* became final, and so should be governed by *King v. L & L Marine Service, Inc.,* 647 S.W.2d 524 (Mo. banc 1983), then extant as the rule of decision. The taxpay-

1. The formal assessments for the calendar periods and balances due are delineated as:

| ASSESSMENT NO. | PERIOD | ALLEGED BAL-ANCE |
|---|---|---|
| 87197597099* | June, 1985 | $ 24,507.19 |
| 87197597100 | July–Sept.,1985 | 146.02 |
| 87197597183 | Oct.–Dec., 1985 | 1,701.93 |
| 87197597184* | Jan.–Mar., 1986 | 21,508.56 |
| 87197597185 | Apr.–Jun., 1986 | 792.71 |
| 87197597186* | Jul.–Sept.,1986 | 25,878.31 |
| 87197597187 | Oct.–Dec., 1986 | 766.58 |

Note: On this appeal, Air Evac contests only three of the assessments. These are shown with an asterisk.

er asserts that Air Evac relied on *L & L Marine Service* to regulate its acquisition of the helicopters and no tax liability was due under that application of principle, so that a retroactive application of the overruling decision to that transaction is not proper.

The use tax is authorized by § 144.610, RSMo 1986, as a levy on "the privilege of storing, using or consuming within this state any article of tangible personal property." The impost is not upon the article or its sale, but on the privilege of use within the taxing state of property purchased outside the state, "if the property would have been subject to the sales tax had it been purchased at home." *King v. L & L Marine Service, Inc.*, 647 S.W.2d 524, 526 (Mo. banc 1983). Air Evac acknowledges that it did not pay sales tax or use tax to any state on the purchase, use or storage of the aircraft.

It was the early doctrine that a state could not impose a tax on the transaction of interstate commerce, even though not discriminatory. That rule rested on the premise that the commerce clause created an area of trade free from interference by the states. *Freeman v. Hewit*, 329 U.S. 249, 252, 67 S.Ct. 274, 276, 91 L.Ed. 265 (1946). A state could, however, validly tax events preliminary to interstate commerce: at a "taxable moment" when the article had reached the end of interstate transportation and had not begun to be consumed in interstate operation. *Southern Pac. Co. v. Gallagher*, 306 U.S. 167, 177, 59 S.Ct. 389, 393–94, 83 L.Ed. 586 (1939). It was the "taxable moment" analysis that this Court adopted and followed in *L & L Marine Service, Inc.* to assess the validity of a use tax.

■ The *Gallagher* analysis, and with it *L & L Marine Service, Inc.*, gave way to the test announced in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), and then adopted into our law in *Superior Aircraft*. The new rule rests on the premise that "interstate commerce may constitutionally be made to pay its way." *Maryland v. Louisiana*, 451 U.S. 725, 754, 101 S.Ct.

2114, 2133, 68 L.Ed.2d 576 (1981). It holds that a state tax statute accommodates the commerce clause when, in practical effect, the tax—among other considerations—is applied to an activity with a substantial nexus with the taxing state. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. at 279, 97 S.Ct. at 1079. That is the rule the Administrative Hearing Commission applied to validate the assessments.

Air Evac formally pleaded before the AHC that at the time of the helicopter transactions *L & L Marine Service* governed, and under that rationale there was no "taxable moment" to impose a use tax on the property, since the aircraft were already in interstate commerce by the time they entered Missouri. Accordingly, no use tax was due. Air Evac asserts that this retroactive application of *Superior Aircraft* by the AHC to the helicopter purchases is improper because it followed and relied on *L & L Marine Service* to avoid liability.

The AHC order, however, does not respond to the contention of retroactivity. The Commission rejects its appositeness altogether, and rests decision on the determination that the purchases were subject to Missouri use taxes under § 144.610, RSMo 1986, and on the authority of *Superior Aircraft Leasing:*

[Air Evac] argues that it relied upon *King v. L & L Marine Service, Inc.*, 647 S.W.2d 524 (Mo. banc 1983), in purchasing its helicopters, and *Superior Aircraft* should not be applied retroactively. This Commission rejects the argument; *Superior Aircraft* states the law, and we are bound to apply it.

(AHC slip op. at 5).

According to the guidelines of *Director of Revenue v. Superior Aircraft Leasing Company, Inc.*, 734 S.W.2d 504 (Mo. banc 1987), [Air Evac] is liable for use taxes because its storage and maintenance of the helicopters in Missouri are sufficient contact with the state.

*Id.*

■ The adjudicative power of the Administrative Hearing Commission extends only to determination of facts and to appli-

cation of *existing law* to the facts in order to resolve the issues confided to the agency expertise. *State Tax Com'n v. Administrative Hearing Com'n*, 641 S.W.2d 69, 75 (Mo. banc 1982). *Superior Aircraft*, an opinion adopted by our Court en banc before the determination of the assessments by the Director, was the *existing law*. The decision of the AHC correctly applies that law to the facts.

Air Evac argues nevertheless, the decision of the AHC notwithstanding, that in order to allay the unfairness of an assessment of taxes under the new rule when the taxpayer managed the purchases in reliance on the old rule to avoid assessment, this Court should give prospective only effect to *Superior Aircraft*.

 There is no evidence, however, that Air Evac relied on the *L & L Marine Service* "taxable moment" rationale to avoid tax liability. Moreover, the only evidence on the helicopter transaction supports the legal conclusion that when the helicopters entered Missouri that property had reached the end of interstate transportation and had not begun to be consumed in interstate operation. The evidence was stipulated that each of the aircraft was purchased outside Missouri, was reconditioned or refueled en route, and then was flown by a corporate officer to the base of operations in West Plains, Missouri. An incidental stop was made during one flight to drop off the corporation officer in Arkansas. It was only after entry into Missouri, the evidence stipulates, that "[Air Evac] used [the helicopter] to conduct its business inside and outside of Missouri." That is to say, none of the helicopters was placed in interstate commerce until after the incidence of a "taxable moment" on the storage and use of the aircraft under § 144.610, RSMo 1986. Thus, even had reliance on *L & L Marine Service* been shown, that reliance would not have been justified under the facts. Accordingly, there is no occasion for us to entertain the question Air Evac poses. *Sumners v. Sumners*, 701 S.W.2d 720, 723 (Mo. banc 1985).

The decision of the Administrative Hearing Commission is affirmed.

BLACKMAR, C.J., and ROBERTSON, HIGGINS, COVINGTON, and BILLINGS, JJ., concur.

RENDLEN, J., not participating.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.